

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

KADEEM JOHNSON, §
    Petitioner, §
 §
vs. § Civil Action No. 0:18-2139-MGL-PJG
 §
WARDEN STEPHON, §
    Respondent. §
 §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Kadeem Johnson (Johnson), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (habeas petition), challenging the results of his appeal to the post-conviction relief (PCR) court. Johnson asserted eleven claims of ineffective assistance of counsel which the PCR court grouped into four grounds. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Respondent Warden Michael Stephon's (the Warden) motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

1

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will address each specific objection to the Report in turn, but the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report. *See Orpiano*, 687 F.2d at 47.

The Magistrate Judge filed the Report on March 6, 2019. Johnson filed his objections on May 3, 2019, and the Warden replied on May 16, 2019. The Court has carefully reviewed Johnson's four objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

The PCR court considered and rejected Johnson's eleven claims of ineffective assistance of counsel. Of those eleven claims, PCR appellate counsel raised only one issue on appeal, whether plea counsel's advice concerning the likely sentence the trial court would impose rendered Johnson's plea involuntary (preserved claim). The Magistrate Judge concluded Johnson's remaining ten claims not raised on appeal are procedurally barred from federal habeas review. Johnson objects to this conclusion and argues the errors made by his PCR counsel create cause

sufficient to excuse his procedural default for the ten claims the Magistrate Judge suggests are barred.

A petitioner must exhaust all remedies available in state court before bringing a habeas petition to the district courts. 28 U.S.C. § 2254(b)(1)(A). Failure to exhaust state court remedies results in a procedural default. Generally, errors by PCR counsel in state court appeals cannot excuse procedural defaults. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, in *Martinez v. Ryan*, 566 U.S. 1, 15 (2012), the Supreme Court created a "limited qualification" to the general rule in *Coleman*, holding errors by PCR counsel in initial-review collateral proceedings may establish cause for a procedural default of ineffective assistance of counsel claims. To establish cause under *Martinez*, the petitioner must show the PCR counsel was deficient in their representation, the deficiency prejudiced the petitioner, and the underlying ineffective assistance of counsel claim is "substantial." *Id*. at 14.

Johnson claims his PCR counsel was deficient for failing to subpoena his co-defendant in the underlying trial to testify at the PCR hearing. Johnson, who contends he otherwise meets *Martinez*'s requirements to excuse his default, argues *Martinez* should be extended to include errors made by what Johnson calls "Writ of Certorari (*sic*) appellate counsel," but is really his PCR appellate counsel. Objection at 1.

The Supreme Court expressly precluded expanding *Martinez* in the case itself: "[t]he holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16. The Court concludes Johnson's first objection will be overruled because it was expressly rejected by the Supreme Court in *Martinez*.

Because *Martinez* does not apply to Johnson's claims, the Court agrees with the Magistrate Judge Johnson's ten claims not raised in his PCR appeal are procedurally barred. Only Johnson's preserved claim, alleging his guilty plea was rendered involuntary by his plea counsel's advice regarding the sentence the trial court could impose, remains preserved for this Court.

Johnson objects to the Magistrate Judge's recommendation to grant the Warden's motion for summary judgment on the preserved claim. Johnson asserts the PCR court incorrectly applied federal law to the facts of his case when denying his initial application for habeas relief. When a state court has adjudicated a habeas claim on the merits, a petitioner is only entitled to federal habeas relief if the state court decision was contrary to clearly established law, an unreasonable application of clearly established law, or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Johnson relies upon the record from the PCR court and two Supreme Court cases, *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Hill v. Lockhart*, 474 U.S. 52 (1985), for his argument the PCR court incorrectly applied federal law in his case. The Court disagrees with Johnson's position.

Johnson first claims the PCR court failed to correctly apply the Supreme Court's decision in *Padilla*, which held ineffective assistance of counsel is not limited to merely "affirmative misadvice" about plea agreements, but also includes omissions by counsel as well. *Padilla*, 559 U.S. at 370. In *Padilla*, defense counsel failed to advise his client he would be subject to automatic deportation if he plead guilty, and the Supreme Court held this omission by counsel was constitutionally deficient and could give rise to an ineffective assistance of counsel claim. *Id*. at 356. According to Johnson, if plea counsel had told him he could receive a 25-year sentence, "he would [have] insisted on going to trial." Objection at 3. Liberally construing Johnson's objection, it appears to the Court he is arguing the "omission" giving rise to his allegedly valid ineffective

4

assistance of counsel claim is his lawyer's failure to inform him he could receive a 25-year sentence.

The lengthy history of this case is set forth in Johnson's petition for writ of certiorari to the South Carolina Supreme Court (petition), which was filed by Johnson's appellate PCR counsel. Petition, ECF No. 14-3. The PCR court denied Johnson's claims for relief because Johnson testified "he understood 'the fact that his co-defendant pled and would testify against him changed the dynamics of his case'." *Id*. at 15. Although Johnson testified his plea counsel "told him that he would not be sentenced to the same term of fifteen years as his co-defendant, but he would not get much more than that," Johnson also testified he pled guilty because "he did not believe his counsel was prepared to go forward with trial." *Id*. The PCR court found Johnson and his plea counsel had a "mutual understanding" of Johnson's sentencing range. *Id*. at 15.

The PCR court's factual findings are entitled to great deference in this Court. *Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011). In the present case, there was no omission of the kind described in *Padilla* giving rise to an ineffective assistance of counsel claim. The PCR court found Johnson and his plea counsel came to a "mutual understanding" of Johnson's sentencing range, and this mutual understanding proved to be incorrect when the trial judge gave Johnson a longer sentence. The Court concludes the PCR court correctly applied federal law because this is not the type of situation contemplated in *Padilla* that gives rise to an ineffective assistance of counsel claim, and therefore Johnson's objection is overruled on this ground.

Johnson also argues the PCR court failed to correctly apply *Hill*, which requires a habeas petitioner, when demonstrating ineffective assistance of counsel, to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Although the PCR court did not cite *Hill*

directly in its decision, the court followed the standard in *Wolfe v. State*, 326 S.C. 158, which relies on the standard set forth in *Hill*. *Johnson*, Case No.: 2014-CP-43-794 at 9 ("[A]n applicant must prove…there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty.").

Contrary to Johnson's assertions, the PCR court clearly applied *Hill* and ruled against Johnson because the record did not reflect a reasonable probability that, but for counsel's errors, Johnson would not have pled guilty. The Court holds the PCR court, which gave great weight to Johnson's testimony at the initial PCR hearing "that a fear of a long sentence was not his primary reason for pleading guilty," acted reasonably in denying Johnson's claim. *Johnson*, Case No.: 2014-CP-43-794 at 16. Therefore, the Court will grant the Warden's motion for summary judgment on this claim.

Johnson's final two objections to the Report attempt to rehash old arguments about his claims regarding trial counsel's failure to file for a fast and speedy trial and trial counsel's failure to properly investigate before trial. These claims, however, are already procedurally barred as discussed *supra*. Therefore, these objections are moot.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Johnson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Warden's motion for summary judgment is **GRANTED** and Johnson's petition is **DENIED**.

To the extent Johnson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 6th day of August 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.